

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable I. Predecki
County Auditor
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. O-6359
Re: Constitutionality of Section
8, Article 3883, Vernon's An-
notated Civil Statutes.

Your letter of January 4, 1945, requesting the opinion
of this Department as to the constitutionality of Section 8, Art-
icle 3883, Vernon's Annotated Civil Statutes, is as follows:

"In preparing the Annual Report for the year
1944, a Justice of the Peace in Galveston County,
which has a population of 81,173, has called my
attention to Section 8 of Article 3883, which ap-
pears to be a special law and authorizes any County
with a population of 77,750 and not more than 88,750
to permit fees to be retained by the Justices of the
Peace and Constables in the sum of $2,750.00 per an-
num. They shall also receive one third of the excess
not to exceed $3,000.00. This was an act of the 45th
Legislature, Page 798, Chapter 391, and became effec-
tive on May 22nd, 1937.

"In Galveston County we have operated under
Article 3891, which provides for Counties having a
population of 60,001 and not more than 100,000 that
precinct officers shall retain one third of their
fees together with the amount specified in Article
3883, until the total amounts to $2,600.00.

"Kindly advise me as to the validity of the Act passed by the 45th Legislature referred to above, or if you have rendered an opinion on this subject, please send me a copy of same."

Section 8 of Article 3883, Vernon's Annotated Civil Statutes, reads as follows:

"Provided that in any county in this State having a population of not less than seventy-seven thousand, seven hundred and fifty (77,750) nor more than eighty-eight thousand, seven hundred and fifty (88,750), according to the last preceding Federal Census of the United States, Justices of the Peace and Constables shall have and receive as fees of office Twenty-seven Hundred and Fifty Dollars ($2750) each per annum. Provided that such Justices of the Peace and Constables shall also receive excess fees in addition thereto by retaining one-third of such excess fees until such one-third of such excess fees, together with the said amount of Twenty-seven Hundred and Fifty Dollars ($2750), equals the sum of Three Thousand Dollars ($3,000)."

Section 4 of Article 3883, Vernon's Annotated Civil Statutes, provides:

"In counties containing sixty thousand and one (60,001) and not more than one hundred thousand (100,000) inhabitants: County Judge, District or Criminal District Attorney, Sheriff, County Clerk, County Attorney, District Clerk, Tax Collector, Tax Assessor, or the Assessor and Collector of Taxes, Four Thousand ($4000.00) Dollars each; Justice of the Peace and Constable, Twenty-one Hundred ($2100.00) Dollars each."

Article 3891, Vernon's Annotated Civil Statutes provides, in part, as follows:

". . . .

"In counties containing sixty thousand and one (60,001) and not more than one hundred thousand (100,000) inhabitants, district and county officers

named herein shall retain one-third of such
excess fees until such one-third, together with
the amount specified in Article 3883, amounts to
Forty-seven Hundred and Fifty Dollars ($4750).
Precinct officers shall retain one-third until
such one-third, together with the amount speci-
fied in Article 3883, amounts to Twenty-six
Hundred Dollars ($2600)."

Article 3, Section 56 of the State Constitution, pro-
vides in part as follows:

"The Legislature, shall not, except as
otherwise provided in this Constitution, pass
any local or special law, . . . .

"Regulating the fees, or extending the powers
and duties of aldermen, justices of the peace, magis-
trates or constables;

". . . .

"And in all other cases where a general
law can be made applicable, no local or special
law shall be enacted; provided, that nothing
herein contained shall be construed to prohibit
the Legislature from passing special laws for the
preservation of the game and fish of this State in
certain localities."

As stated in your letter, Galveston County has a popu-
lation of 81,173 inhabitants according to the 1940 Federal Census.

It will be noted that Section 4 of Article 3883, is
applicable to all counties containing 60,001 and not more than
100,000 inhabitants and that the heretofore quoted provisions of
Article 3891 is applicable to all those counties containing 60,001
and not more than 100,000 inhabitants. Galveston County clearly
comes within the bracket mentioned in Section 4 of Article 3883
and the mentioned provision of Article 3891. Galveston County
also comes within the population bracket mentioned in Section 8
of Article 3883.

Honorable I. Predecki, Page 4


In the case of Miller, et al. v. El Paso Co., 150 S. W. (2d) 1000, it is said:

"Notwithstanding the above constitutional provision, the courts recognize in the Legislature a rather broad power to make classifications for legislative purposes and to enact laws for the regulation thereof, even though such legislation may be applicable only to a particular class or, in fact, effect only the inhabitants of a particular locality; but such legislation must be intended to apply uniformly to all who may come within the classification designated in the Act, and the classification must be broad enough to include a substantial class and must be based on characteristics legitimately distinguishing such class from others with respect to the public purpose sought to be accomplished by the proposed legislation. In other words, there must be a substantial reason for the classification. It must not be a mere arbitrary device resorted to for the purpose of giving what is, in fact, a local law the appearance of a general law. . . 'The rule is that a classification cannot be adopted arbitrarily upon a ground which has no foundation in difference of situation or circumstances of the municipalities placed in the different classes. There must be some reasonable relation between the situation of municipalities classified and the purposes and objects to be attained. There must be something * * * which in some reasonable degree accounts for the division into classes.'"

We have carefully considered the question involved in connection with the foregoing case and the following authorities 25 R. C. L. C. P. 815-16;  12 An. Jur., P. 146;  Smith v. State (Ct. of Crim. App.) 49 S. W. (2d) 739;  Randolph v. State (Ct. of Crim. App.) 36 S. W. (2d) 484;  Clark v. Finley, 93 Tex. 171, 54 S. W. 343;  City of Ft. Worth v. Bobbitt, 121 Tex. 14, 36 S. W. (2d) 470, 41 S. W. (2d) 228;  Bexar County v. Tynan, 128 Tex. 223, 97 S. W. (2d) 467;  Ex parte Carson, 143 Tex. Cr. Rep. 498, 159 S. W. (2d) 126;  and Oakley v. Kent, 181 S. W. (2d) 919, and it is our opinion that Section 8 of Article 3883,

V. A. C. S. is unconstitutional.

No have written numerous opinions pertaining to the constitutionality of similar statutes relying on the foregoing authorities and deem it unnecessary to prolong this opinion.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:fo

RECEIVED JAN 13 1945

ATTORNEY GENERAL OF TEXAS



APPROVED OPINION COMMITTEE
BY [signature]
CHAIRMAN